UNITED STATES (MESA v.). See Case No. 9,492.

## Case No. 15,760.

UNITED STATES v. The METEOR.

[3 Am. Law Rev. 173.]

Circuit Court, S. D. New York. 1868.[1]

VIOLATION OF NEUTRALITY LAWS—SALE OF VESSEL.

[1. The mere carrying on of negotiations by the owners of a vessel, in this country, with the agents of a foreign people, with knowledge that, if the sale were effected, the vessel would be employed against a nation with which the United States are at peace, is not a breach of the neutrality laws, where the negotiations failed and were abandoned.]

[2. Where a vessel is sent by her owners to a neutral port, for the purpose of finding a market for her, but without any previous contract or understanding with a belligerent, she may there be sold to such belligerent, or to any other party, without violating the neutrality laws.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel of forfeiture, filed by the United States against the steamship Meteor, because of an alleged violation of the neutrality act of April 20, 1818 (3 Stat. 448). In the district court there was a decree entered condemning and forfeiting the vessel. Case No. 9,498. From that decree an appeal was taken to this court.]

NELSON, Circuit Justice. This is an appeal in admiralty from a decree of condemnation in a libel of information for the violation of the neutrality laws of the United States. We have examined the pleadings and proofs in the case, and have been unable to concur in the judgment of the court below, but, from the pressure of other business, have not found time to write out at large the grounds and reasons for the conclusion arrived at. We must, therefore, for the present, be content, in the statement of our conclusions in the matter.

1. Although negotiations were commenced and carried on between the owners of the Meteor and agents of the government of

---

[1] [Reversing Case No. 9,498.]

Chili for the sale of her to the latter, with the knowledge that she would be employed against the government of Spain, with which Chili was at war, yet these negotiations failed, and came to an end. from the inability of the agents to raise the amount of the purchase money demanded; and if the sale of the vessel in its then condition and equipment, to the Chilian government. would have been a violation of our neutrality laws, of which it is unnecessary to express any opinion, the termination of the negotiation put an end to this ground of complaint.

2. The furnishing of the vessel with coal and provisions for a voyage to Panama or some other port of South America, and the purpose of the owners to send her thither, in our judgment, was not in pursuance of an agreement or understanding with the agents of the Chilian government, but for the purpose and design of finding a market for her; and that the owners were free to sell her on her arrival there to the government of Chili, or of Spain. or of any other government or person with whom they might be able to negotiate a sale.

3. The witnesses chiefly relied on to implicate the owners in the negotiation with the agents of the Chilian government, with a view and intent of fitting out and equipping the vessel to be employed in the war with Spain, are persons who had volunteered to negotiate on behalf of the agents with the owners in expectation of large commissions in the event of a sale, or persons in expectation of employment in some situation in the command of the vessel. and very clearly manifest their disappointment and chagrin at the failure of the negotiations, and whose testimony is to be examined with considerable distrust and suspicion. We are not satisfied that a case is made out, upon the proofs, of a violation of the neutrality laws of the United States, and must, therefore, reverse the decree below, and enter a decree dismissing the libel.

An appeal was taken by the government from the decision of the circuit court to the supreme court of the United States. but was not prosecuted to a hearing. being dismissed by consent, November 9, 1868.
[See, also, note to Case No. 9,498.]

---

UNITED STATES v. The METEOR. See Case No. 15,607.